E-Filed for Record
4/2/2015 1:50:01 PM
Jennifer Whittington, District Clerk
Kleberg County, TX
By: Jennifer Whittington

CAUSE NO. 15-163-D

| | | |
|---|---|---|
| REBECCA GUTIERREZ | § § § | IN THE DISTRICT COURT OF |
| VS | § § § § | KLEBERG COUNTY, TEXAS |
| D L TRANSPORT, INC. AND PINK MARRION PIERCY | § § | 105th JUDICIAL DISTRCT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, REBECCA GUTIERREZ, complaining of Defendants, D L TRANSPORT, INC. and PINK MARRION PIERCY, and would respectfully show the Court as follows:

### I. DISCOVERY CONTROL PLAN

1.1   Plaintiff intends to conduct discovery under Level 3 of the Texas Rule of Civil Procedure 190.4.

### II. PARTIES

2.1   Plaintiff, REBECCA GUTIERREZ, is an individual who resides in Rivera, Kleberg County, Texas.

2.2   Defendant, PINK MARRION PERCY, is an individual who resides in Cherryville, North Carolina, and may be served with process at his usual place of

1

abode at 1130 Old Post Rd., Cherryville, North Carolina 28021 Plaintiff requests service by a private process server.

2.3   Defendant, DL Transport, Inc., is a foreign corporation or limited liability company doing business in North Carolina who may be served by serving its Registered Agent, Donald R. Yarbro at 1726 Shelby Rd., Kings Mountain, North Carolina 28086. Plaintiff requests service at this time by certified mail, return receipt requested.

## III.
## JURISDICTION

3.1   The Court has jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

## IV.
## VENUE

4.1   Venue is proper in Kleberg County, Texas under Texas Civil Practice & Remedies Code § 15.002 because all or a substantial part of the events giving rise to this action occurred in Kleberg County, Texas.

## V.
## FACTS

5.1   On or about, April 2, 2013, Plaintiff, Rebecca Gutierrez, was operating her vehicle in a safe and prudent manner traveling South on U.S. 77 in Kleberg County. Defendant, Pink Marrion Piercy, was operating a vehicle, upon information and belief, owned by Defendant, DL Transport, Inc., and was traveling on South on U.S. 77, when he was stopped to make a left turn in a lane of travel that was unlawful

2

to turn from, obstructing Plaintiff's lawful right of way and therefore causing the collision in question. The collision caused serious and permanent personal injures to Plaintiff. Nothing Plaintiff did or failed to do caused the accident made the basis of this lawsuit.

## VI.
## COUNT 1: NEGLIGENCE

6.1 Defendant Pink Marrion Piercy, had a duty to exercise ordinary care and operate Defendant's vehicle reasonably and prudently. Defendant breached the duty of care in the following ways:

A. Failing to timely apply the brakes;

B. Failing to maintain a proper lookout;

C. Failing to turn his vehicle to avoid the collision;

D. Failing to be in a proper turning lane;

E. Failing to operate the vehicle in a reasonable and prudent manner;

F. Failing to operate the vehicle in obedience to traffic laws and regulations; and

G. In violation of Tex. Transp. Code Ann. § 544.007 and §545.001, et. seq.

6.2 Defendant Piercy's breach of duty proximately caused injury to Plaintiffs, which resulted in the following damages: (1) physical pain in the past and future; (2) mental anguish in the past and future; (3) disfigurement in the past and future; (4) physical impairment in the past and future; (5) medical expenses in the past and future; (6) lost wages in the past and future; and (7) loss of earning capacity in the future.

3

6.3     Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

6.4     Plaintiff's injuries resulted from Defendant's gross negligence, malice, or actual fraud, which entitles Plaintiffs to exemplary damages under Texas Civil Practice and Remedies Code section 41.003(a).

## VII.
## COUNT 2: NEGLIGENCE PER SE

7.1     In addition to other counts, Defendant Pink Marrion Piercy's negligence described above resulted in the violation of a statute. Specifically, Pink Marrion Piercy violated a statute which requires motor vehicle operators to follow all traffic laws.

7.2     The statute is designed to protect the class of persons to which Plaintiff belongs against the type of injuries suffered by Plaintiff. Defendant Pink Marrion Piercy's operating his vehicle and total disregard for other vehicles on the roadway by stopping to make a left turn in a lane of travel that was unlawful to turn from and obstructing Plaintiff's lawful right of way. As a result in a collision between him and Plaintiff's vehicle and caused serious injury and damage to Plaintiff. The statute is the type that imposes tort liability. Further, Defendant Pink Marrion Piercy's violation of the statute is without legal excuse.

## VIII.
## COUNT 3: NEGLIGENT ENTRUSTMENT

8.1     Defendant, DL TRANSPORT intrusted its vehicle to Defendant, Pink Marrion Piercy . Pink Marrion Piercy was an incompetent and reckless driver. Pink Marrion Piercy was incompetent and stopped to make a left turn in a lane of travel

4

that was unlawful to turn from and obstructing Plaintiff's lawful right of way. thus causing the collision made the subject of this suit. Defendants knew or should have known that Pink Marrion Piercy was incompetent and reckless.

8.2    Defendant, Pink Marrion Piercy, was negligent in causing serious and permanent injuries to Plaintiff.

8.3    Defendant, Pink Marrion Piercy's negligence proximately caused injury to Plaintiff which resulted in the following damages: (1) physical pain in the past and future; (2) mental anguish in the past and future; (3) disfigurement in the past and future; (4) physical impairment in the past and future; (5) medical expenses in the past and future; and (6) loss of earning capacity in the past and future.

8.4    Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

8.5    Plaintiff's injuries resulted from Defendants' gross negligence, malice, or actual fraud, which entitles Plaintiff to exemplary damages under Texas Civil Practice and Remedies Code section 41.003(a).

## IX.
## COUNT 4: RESPONDEAT SUPERIOR

9.1    Defendants, DL TRANSPORT, INC., is responsible to Plaintiff in damages for each and every negligent act and/or omission of Defendant Pink Marrion Piercy under the doctrine of respondeat superior, and/or the doctrine of borrowed servant, and/or agency as those terms are understood in law in that Defendant Pink Marrion Piercy was operating the vehicle in the course and scope of his employment

with DL Transport, Inc.. Defendants were also negligent in one or more of the following respects:

    a. negligent hiring and supervision;

    b. negligent entrustment;

    c. negligent training and supervision;

    d. negligent retention; and

    e. negligent maintenance.

## X.

## COUNT 4: NEGLIGENT HIRING

10.1 Defendant, DL Transport, Inc. had a legal duty to hire, supervise, train and retain competent employees. An employer has a legal duty to use ordinary care in hiring employees, in supervising its employees, in retaining its employees and training its employees and a duty to use reasonable care to prevent an employee from causing an unreasonable risk of harm to others when, because of the employee's incapacity, the employer exercised control over the employee.

10.2 DL Transport, Inc. breached the duty to hire, supervise, train and retain competent employees when it hired, supervised, trained and retained Pink Marrion Piercy. DL Transport, Inc. knew or should have known that Pink Marrion Piercy was an incompetent and unsafe driver.

10.3 DL Transport, Inc.'s breach of duty to hire, supervise, train, and retain competent employees proximately caused injury to Plaintiff, which resulted in the following damages: (1) physical pain in the past and future; (2) mental anguish in the

6

past and future; (3) disfigurement in the past and future; (4) physical impairment in the past and future; (5) medical expenses in the past and future; and (6) loss of earning capacity in the past and future.

10.4    Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

10.5    Plaintiff's injury resulted from Defendants, DL Transport, Inc.'s gross negligence, malice, or actual fraud, which entitles Plaintiff to exemplary damages under Texas Civil Practice and Remedies Code section 41.003(a).

## XI.
## DAMAGES

11.1    As a direct and proximate result of the negligent acts and/or omissions by Defendants, Plaintiff suffered severe and personal injuries, including physical injury to her upper back, middle back, lower back, neck and other parts of her body. Plaintiff has incurred substantial, reasonable, and necessary doctor, hospital, and medical expenses, and in reasonable medical probability will incur substantial doctor, hospital, and medical expenses in the future. Plaintiff seeks to recover compensation from the Defendants for the following damages:

- A.    Physical pain and disability sustained by Plaintiff from date of injury until time of trial;

- B.    Future physical pain and disability reasonably anticipated to be sustained by Plaintiff in the future;

- C.    Mental anguish and suffering sustained by Plaintiff from date of injury to time of trial;

- D.    Mental anguish and suffering which is reasonably anticipated to be suffered by Plaintiff in the future;

7

E. Loss of earnings sustained by Plaintiff from date of injury to time of trial;

F. Loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

G. Reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injures from date of injury to time of trial;

H. Reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries; and

I. Past and future physical disfigurement and impairment.

11.2  Pursuant to Rule 47, Plaintiff sues for damages more than $200,000 but not more than $1,000,000.

## XII.
## JURY DEMAND

12.1  Plaintiff demands a jury trial.

## XIII.
## REQUEST FOR DISCLOSURE

13.1  Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## XIV.
## PRAYER

14.1  For these reasons, Plaintiff asks that the Court issue citation for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

A. Actual damages;

B. Prejudgment and post judgment interest;

C. Court costs; and

D. All other relief to which Plaintiff is entitled.

Respectfully submitted,

CARRIGAN, COOK & ANDERSON, P. L.L.C.

By: _____
STEPHEN P. CARRIGAN
State Bar No. 03877000
DAVID M. ANDERSON
State Bar No. 24064815
ANDREW C. COOK
State Bar No. 24057481
101 North Shoreline Blvd., Ste. 420
Corpus Christi, Texas 78401
(361) 884-4433 - Telephone
(361) 884-4434 -Facsmile
scarrigan@ccatriallaw.com
cook@ccatriallaw.com
anderson@ccatriallaw.com

**ATTORNEYS FOR PLAINTIFF**

STATE OF TEXAS
COUNTY OF KLEBERG

I certify that the foregoing is a true and correct copy
of the original record on file in my office. Given
under my hand and seal of the court at my office in
Kingsville, Texas, this October 15, 2015

JENNIFER L. WHITTINGTON, DISTRICT CLERK

By_____ Deputy